HOWE v. REGENSBURG et al.

(Supreme Court, Appellate Term.　December 26, 1911.)

1. WITNESSES (§ 141*)—COMPETENCY—TRANSACTION WITH DECEDENT.
　　Code Civ. Proc. § 829, prohibiting examination as a witness of one in his own interest concerning a transaction with his adversary's decedent, did not prevent a secretary of plaintiff dentist, in a suit for services rendered to defendants' testator, from testifying to the making of the contract for the services with testator and the performance of the work as agreed.·
　　[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 576–579; Dec. Dig. § 141.*]

2. WITNESSES (§ 159*)—COMPETENCY—TRANSACTION WITH DECEDENT.
　　In an action by a dentist for services rendered defendants' testator, Code Civ. Proc. § 829, prohibiting the examination as a witness of one in his own interest concerning a transaction with his adversary's decedent, did not prevent plaintiff from testifying to the work which he did for testator while the latter was not present.
　　[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 159.*]

3. WITNESSES (§ 255*)—EXAMINATION—REFRESHING RECOLLECTION.
　　In testifying, plaintiff's secretary was properly permitted to consult a diary which she kept to refresh her recollection of facts originally within her knowledge.
　　[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§·874–890; Dec. Dig. § 255.*]

4. WITNESSES (§ 208*)—PRIVILEGED COMMUNICATIONS—"SURGERY."
　　A dentist does not practice "surgery," within Code Civ. Proc. § 834, prohibiting such practitioners testifying concerning information acquired in attending a patient, etc.
　　[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768–770; Dec. Dig. § 208.*
　　For other definitions, see Words and Phrases, vol. 8, p. 6815.]

5. WITNESSES (§ 208*)—PRIVILEGED COMMUNICATIONS—PHYSICIANS.
　　At common law, communications between physicians and patients were not legally privileged.
　　[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frank M. Howe against Mary Regensburg and others, executors of Edward Regensburg, deceased.　Judgment for plaintiff, and defendants appeal.　Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Paskus, Cohen & Gordon (Arthur B. Hyman, of counsel), for appellants.

Walter P. Frank, for respondent.

SEABURY, J.　[1, 2]　The plaintiff, a duly licensed dentist, sues to recover the agreed price of professional services rendered to the defendants' testator.　The evidence is ample to sustain the judgment· rendered in favor of the plaintiff, and the only questions which we are called upon to determine upon this appeal are questions of law. The testimony on behalf of the plaintiff, which is claimed to be open

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to objections under section 829 of the Code of Civil Procedure, was properly received. The plaintiff's cause of action was sustained by the testimony of the plaintiff's secretary, who was present when the contract was made, and who saw the plaintiff perform the work which he agreed to do. This witness was in no way interested in the event of the action pending between these parties. Eisenlord v. Clum, 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 836. The testimony of the plaintiff himself, so far as it was given in response to questions propounded by his counsel, related solely to the work which he did for the testator while the testator himself was not present. These services which the plaintiff performed on the plates which the planitiff made for the defendants' testator were not performed in the presence of his patient. The deceased did not participate in the rendition of the plaintiff's services in making the plates, and such services did not involve a personal transaction with the deceased. The testimony, therefore, which the plaintiff gave on this subject, was not within the prohibition of section 829 of the Code of Civil Procedure. Holcomb v. Holcomb, 95 N. Y. 316; Burrows v. Butler, 38 Hun, 157; Patten v. United Life & Accident Ins. Co., 133 N. Y. 450, 31 N. E. 342.

[3] Nor was any error committed by the learned trial court in permitting the secretary of the plaintiff to consult the diary which she kept in order to refresh her recollection of facts which were originally within her knowledge.

[4] It is further urged that the plaintiff's testimony was objectionable under section 834 of the Code of Civil Procedure. This section, in so far as its provisions are to be considered upon this appeal, provides as follows:

"A person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity," etc.

If we assume that this section is applicable to a dentist, it is not at all clear that the testimony of the plaintiff as to the number of visits, and the work which he did, not in the presence of the deceased, would be within its prohibition. Moreover, we think that it is clear that the Legislature did not intend to include a dentist within the provisions of this section of the Code. Strictly speaking, a dentist might be included within the description relating to those who practice "surgery"; but, as the term "surgery" is employed in the statute, it does not include one engaged in the practice of dentistry.

[5] At common law communications between physician and patient were not legally privileged. Duchesss of Kingston's Trial, 20 How. St. Tr. 573. The legal privilege seems first to have been recognized in New York in 1828. 2 Rev. Stat. N. Y. 1829, p. 406, pt. 3, tit. 3, c. 7, art. 8, § 73; 4 Wigmore on Evidence, § 2380. To the extent, therefore, to which the privilege can now be said to exist, it must find its support in some statutory enactment. Whatever may be urged for or against the existence of the privilege, we can see no good reason for extending it by implication or construction.

In early days in England the province of the dentist was not recognized, except as it fell within the scope of the functions of the "barber surgeon," whose multitudinous duties often included those, not only of the barber and surgeon, but the physican and dentist as well. Within quite recent times it was customary for barbers and blacksmiths to extract teeth. Formerly the work of filling and plating teeth was frequently performed by the jeweler. A process of integration and differentiation has taken place, and the separate and distinct profession of dentistry has come into existence. That this specialization has resulted beneficially to the community, and that dentistry has now become a highly developed science, requiring of its practitioners advanced knowledge and skill, is doubtless true; but this fact does not militate against the construction of section 834 of the Code of Civil Procedure excluding a dentist from the operation of its provisions. There is clear evidence in the statutes of this state of a legislative intent to regard the two professions of medicine and dentistry as separate and distinct. Thus the practice of medicine is governed by article 8 of chapter 49 of the Laws of 1909 (Consol. Laws, c. 45), while the practice of dentistry is regulated by a different law, and applicants for admission to practice dentistry are admitted by different boards of examiners and registry (article 9, c. 49, of the Laws of 1909). There is also another statute of the state which, while not strictly in pari materia, deals with a cognate subject, and should therefore be considered in interpreting the statute under consideration. It is not without significance that the statute, which provides for exemption from jury duty, mentions not only a physician and surgeon, but provides that such exemption shall apply to "a practicing physician, surgeon, or *surgeon dentist.*" Section 635 of the Judiciary Law (Consol. Laws, c. 30).

While we cannot find that the question presented for decision has been determined in this state, it has been considered in the Supreme Court of Michigan in People v. De France, 104 Mich. 563, 62 N. W. 709, 28 L. R. A. 139. In that case the court construed a similar statute, and held that a dentist was not within the spirit of the statute, which makes certain information acquired by physicians and surgeons privileged. In that case the court said:

"The purpose of the act is to be considered in determining whether the dentist was intended to be included within its terms. Certainly the terms 'dentist' and 'surgeon' are not interchangeable, and if a dentist is to be held a surgeon, within the meaning of this act, it must be because his business as a dentist is a branch of surgery. It is apparent that the act relates to general practitioners, and to those whose business as a whole comes within the definitions of 'physician' or 'surgeon.' A dentist is one whose profession it is to clean and extract teeth, repair them when diseased, and replace them, when necessary, by artificial ones."

While the definition of a dentist here given seems to us to be too restricted, in view of the progress as a science which dentistry has recently made, we are of the opinion that the decision in the case quoted was correct, and that it properly interpreted the meaning which the Legislature intended should be given to that statute. There are a few other cases in the books, which, while not precisely in point,

are sufficiently close to make them worthy of consideration. Thus in State v. Fisher, 119 Mo. 344, 24 S. W. 167, 22 L. R. A. 799, it was held that a dentist was not exempt from jury duty, under a statute exempting "a person exercising the functions of a * * * practitioner of medicine," and in State v. McMinn, 118 N. C. 1259, 24 S. E. 523, it was held that a dentist or dental surgeon is not a "physician," within the meaning of the Code of that state, which permitted the sale of liquor on Sunday upon "a prescription from a physician."

We think that these authorities support the conclusion which we have reached, and that they are in accord with the reasons given above for holding that a dentist is not included within the meaning of section 834 of the Code. In arriving at this conclusion we have not overlooked Matter of Hunter, 60 N. C. 372, or State v. Beck, 21 R. I. 288, 43 Atl. 366, 45 L. R. A. 269, which, while not in point upon the precise question, must fairly be considered as opposed to the view which we feel compelled to adopt.

Our conclusion is that the objection that the plaintiff was precluded from testifying within the provisions of section 834 of the Code of Civil Procedure was properly overruled, and his testimony received in evidence.

It follows that the judgment appealed from should be affirmed, with costs. All concur.