LIZANA *v.* EDWARD MOTOR SALES CO.

(Division B. April 25, 1932.)

[141 So. 295. No. 29975.]

**O. J. Dedeaux,** of Gulfport, for appellant.

**C. S. Brown** and **Evans & Lindsey,** all of Gulfport, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

E. V. Lizana, the appellant, filed his suit in the county court of Harrison county, seeking to recover two hundred dollars paid on a truck purchased by him from the Edward Motor Sales Company. At the time of the sale, the speedometer on the truck showed that it had been run only seven thousand five hundred miles. The testimony of the appellant was to the effect that the salesman of the Edward Motor Sales Company represented that it had not been run more than said amount, and that it was in good condition. The testimony of the salesman for the Edward Motor Sales Company was to the effect that, while the speedometer showed seven thousand five hundred miles, he told Lizana that he would not guarantee the truck or the mileage, and that Lizana must look for himself and buy it on his own judgment.

The appellant offered to prove by one Odom, who had worked for the Edward Motor Sales Company as a mechanic, that it was the habit or custom of the Edward Motor Sales Company to set back the speedometers on used cars to a less distance than such cars had actually traveled.

The former owner of the truck was a witness for the appellant, and testified that the truck had been run for fifteen, twenty-five, or thirty thousand miles.

The proof showed that the truck was in a very bad condition and had to be repaired numbers of times. There was proof for the appellant that, after complaint to the Edward Motor Sales Company, said company informed appellant that the fault was not in the car, but in the driver, and that the appellant changed drivers, and the trouble still continued. Appellant finally refused to keep the truck and demanded repayment of the money.

On the trial, the court gave an instruction reading as

follows: "The court instructs the jury for the defendant that unless you believe from all the evidence in the case that defendant's agent, in making a sale of the auto truck in question, falsely represented to the plaintiff that said truck had been driven only seventy-five hundred miles when it had in fact been driven more than seventy-five hundred miles, and that at the time of making said alleged statement the defendant's agent knew that said alleged statement was false, or that defendant's agent made said alleged statement without regard to its truth or falsity, and unless you further believe from all the evidence in the case that the said alleged statement was material and that it was relied upon by the plaintiff and operated as an inducement to him, the plaintiff, to purchase the auto truck in question, and that the plaintiff did purchase said auto truck in reliance upon said alleged statement, then your verdict will be for the defendant."

The giving of this instruction is assigned for error.

In offering the evidence of Odom, the appellant did not specifically state what he would prove by him. He merely asked questions which suggested that the witness would probably answer that such was the custom of the Motor Sales Company to set back speedometers. When the court sustained objections to the questions, the appellant should have stated what he expected to prove by the witness Odom, or should have had the jury retire and the witness to make answer in their absence.

It is established in decisions in this state that the setting back of speedometers for the purpose of deceiving customers as to material facts constitutes fraud. In the case of Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708, it was held that representations by a seller of an automobile with reference to the mileage of such car constituted representations of a material fact on which the buyer had a right to rely, and that it is a matter of common knowledge that machinery of all kinds depreciates in value from wear and tear, and that the value of a secondhand automobile is largely dependent upon the number of miles it has been

driven. It was further held that in an action to recover damages against the seller of an automobile by reason of fraudulent representations relative to the mileage of a car, admission of evidence that seller was in the habit of setting back speedometers was not erroneous, in that it constituted evidence of similar frauds perpetrated by the same persons at or about the same time; and that other similar frauds may be shown in order to show intent with which representations complained of as fraudulent were made.

In Fay & Egan Co. v. Cohn & Bros., 158 Miss. 733, 130 So. 290, the court held that where goods are purchased on material representations made by the seller, and not upon the purchaser's own judgment, and the representations are false, this is fraud, and seller must make his statements good, regardless of whether the seller had an actual fraudulent intent or not. Putting it differently, if the seller makes material representations of fact, without knowing whether they are true or false, this is fraud in law and the seller must make his statement good. The opinion cites Hall v. Thompson, 1 Smedes & M. 443; Oswald v. McGehee, 28 Miss. 340; Rimer v. Dugan, 39 Miss. 483, 77 Am. Dec. 687; Lindsey v. Lindsey, 34 Miss. 432; and Alexander v. Meek, 132 Miss. 298, 96 So. 101.

This being the law, it was, of course, important for the appellant to have the testimony of the witness Odom.

We would not reverse the case for the refusal to admit this evidence if that was the only assignment of error, for the reason that the appellant did not show what the witness would answer, or what he expected to prove by such witness if he had been permitted to answer. The witness, of course, might or might not have testified that speedometers were set back, and we do not know what the witness' answers would be.

We think, however, that the court was in error in giving the instruction above set out. The instruction is misleading and confusing, in that it carries the idea that the agent in making the representations must have known his representations were false, or that he made the

statement wantonly and recklessly regardless of his obligation to speak the truth.

We think it immaterial whether he knew the representations to be false or not, if he made the statement as a statement of fact, and it had an effect upon the matter of the purchase by the appellant, who had a right to rely upon it. The person making a statement, or representation of a material fact, upon which other persons may rely, is guilty of fraud if the representation is untrue in fact, regardless of whether the person making it believes it to be the truth.

We think, also, there is no dispute about the speedometer having been set back.

In the absence of explanation, it would seem that it was done for the purpose of deceiving prospective buyers, and if done for this purpose, of course, it would amount to fraud resulting from concealment of material facts, when truth and fair dealing call for a disclosure of the facts, or, at least, the doing of no act that would conceal such facts.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.