G., M. & N. R. Co. v. WILLIS.

(Division B.   Dec. 3, 1934.)

[157 So. 899.   No. 31458.]

(Division B.  Jan. 14, 1935.)

[158  So.  551.  No.  31458.]

For former opinion, see 157 So. 899.

**Welch & Cooper,** of Laurel, for appellant.

**F. B. Collins,** of Laurel, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, Loverett Willis, was plaintiff in the court below, and filed a suit against the appellant for

damages for a personal assault committed upon him by the trainmaster of said railroad company.

The case for the plaintiff was that he had been asked by one of the colored porters of the G., M. & N. Railroad Company to assist some women in transferring their baggage from one train to another at Union, Mississippi, where the two trains met; that he carried the baggage from one train to another, and, as he was coming off of the train, the trainmaster ran up and kicked him and told him to stay off that train, and, when the plaintiff turned to look and see who it was that kicked him, the trainmaster struck him in the mouth, inflicting an injury, and breaking one of his teeth; that the plaintiff suffered from this injury, which caused inflammation resulting from pus forming in and around the broken tooth; and that he was physically injured.

The appellant contended that the appellee was standing by the train as it started to roll out going north from Mobile, Alabama, to Jackson, Tennessee, and was scratching said train with some instrument, and the trainmaster "hollered" at him to desist; that appellee paid no attention, and the trainmaster kicked at him but did not strike him, and the plaintiff squared himself and looked like he was going to strike the trainmaster, who then struck the appellee in the mouth; that the appellee then turned and went up town. The appellant railroad company also denied that the trainmaster was acting within the scope of his duties.

There was considerable conflict between the evidence for the appellee and the appellant, but the jury found for the appellee in the sum of seven hundred fifty dollars.

The appellee testified that he consulted a dentist in Union, Mississippi, and was treated by him. The appellant sought to introduce this dentist, whereupon objection was made by the appellee which was sustained by the court. The statement made by the attorney for the

appellant, defendant in the court below, as to what he expected to prove by this dentist, is as follows:

"By Mr. Cooper. Your Honor, we simply propose to show by Dr. Harbour the extent of the injury which he examined Larkie Willis (appellee here) what type and character of injury he had, and the prognosis to be derived therefrom.

"By the Court. Is there any question about privilege—

"By Mr. Hosey. I would like to ask him two questions, I don't know if the record is absolutely straight or not. Doctor, this boy came to you to be examined, did he not? A. Yes, he came up there.

"Q. And you made an examination of him? A. Digital examination, merely a microscopic examination.

"Q. And he was your patient at the time he came in there? A. Well, I don't know sir, he—

"Q. He came to you? A. He came to me.

"By the Court. The statute doesn't mention a dentist, does it?

"By Judge Collins. I really don't know, but a dentist is a physician.

"By the Court. Objection sustained."

We think the proof was sufficient to sustain the verdict for liability. The trainmaster admits striking the appellee and kicking at him, giving as a reason therefor that the appellee was doing some injury to the train, and, when called on to desist, refused to do so. The fact testified to by the trainmaster does not justify the infliction of an assault, and, at most, would not call for any more force than was necessary to prevent injury to the property of the appellant. The action of the trainmaster was clearly in excess of any such necessity.

We also think the proof was sufficient to show that the trainmaster had authority to control the train and to prevent injury thereto and to protect the property of the appellant.

We are of opinion that a dentist is not a physician

within the intent and meaning of section 1536, Code of 1930. The purpose of this statute was to protect physicians and surgeons from having to testify as to communications made to them in their professional capacity, and to protect patients from having to disclose statements made to physicians. The statute must be limited to its language and clear purpose. It has the effect of preventing facts from being disclosed which would often be material to the administration of justice, and it should not be extended by construction. We are also of the opinion, however, that the statement of what was expected to be proved by the witness, the dentist, was not sufficient to cause a reversal of this case. For aught that appears in the record, this dentist may have testified to the exact facts testified to by the appellee. It does not appear from the record that the dentist's testimony would have contradicted that given by the appellee, or that it would have mitigated the damages to be awarded by the jury. There should have been a sufficient disclosure of this witness' testimony to show that it might have resulted in a different verdict in the case.

The judgment of the court below will be affirmed.

Affirmed.

### On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

The rule has been long established in this jurisdiction that a judgment will not be reversed for error unless it be shown by the record that the error was actually prejudicial and harmful to the rights of the complaining party. Mississippi Utilities Co. v. Smith, 166 Miss. 105, 117, 145 So. 896; Goins v. State, 155 Miss. 662, 667, 124 So. 785. Consonant with that rule, when a party would seek a reversal because of excluded testimony, he must either place the witness on the stand, ask the questions, and have the answers made of record, or else the witness must be presented, and there must be a specific

statement of what the answers or testimony of the witness would be, if allowed, so that the court may see from the record itself whether the offered evidence would be material and of benefit to the merits of the case, and whether its exclusion was actually harmful and prejudicial to the offerer. Bradley v. Howell, 161 Miss. 346, 354, 133 So. 660, 134 So. 843.

To the rule last stated there are a few exceptions, and one of these is when a witness is tendered and it is sought to examine him upon matters which the law forbids him to disclose. For instance, the law forbids that an attorney shall disclose the knowledge which he has acquired from or for his client in and about his client's business. When an attorney is placed on the witness stand and, without his client's consent, it is attempted to interrogate him about his client's business, the witness is not only privileged to refuse to answer, it is his duty to refuse. And the offerer cannot state into the record what he expects to prove by that witness, for the law denies the right to prove by that witness anything of the matters sought to be elicited. Likewise as to a physician, upon which subject this court said in United States Fidelity & Guaranty Co. v. Hood, 124 Miss. 548, 571, 87 So. 115, 119, 15 A. L. R. 605: ''The evidence of a physician ought not to be received before the court, and it is error for the court to proceed upon the idea that the judge and the public may hear the statement of the physician in such case, though it be excluded from the jury.'' In these cases, if the knowledge sought to be placed in the record was acquired during the existence of the relationship which makes the information privileged, then the inquiry is not permitted to proceed further than to develop the actual existence of the privileged relationship.

Seeking to avail of the exception stated, appellant argues in its suggestion of error that, when the trial judge ruled that a dentist is a physician, appellant was there-

by in effect precluded from getting into the record what appellant expected to prove by the dentist, tendered as a witness. But the law is that a dentist is not a physician, and communications to or knowledge obtained by a dentist is not privileged; and parties must try their cases under the law, or at least must endeavor, by all reasonably available means, to do so. A dentist not being a physician and not coming under the stated exception, it was the duty of appellant to specifically state into the record what was expected to be proved by him, and, had the court refused to allow appellant to so state, then the error would be reversible, and not until then. But appellant did not so specifically offer, and we must therefore adhere to our original opinion.

Suggestion of error overruled.