# Martin *v.* Gill *et al.*

(Division B. June 13, 1938. Suggestion of Error Overruled August 9, 1938.)

[181 So. 849. No. 33246.]

Gore & Armstrong, of Jackson, for appellant.

Lotterhos & Travis and Vardaman S. Dunn, all of Jackson, for appellees.

Argued orally by **W. E. Gore**, for appellant, and by **Cecil Travis** and **Vardaman S. Dunn**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

If the order of the school board made on July 23, 1937, creating the Puckett Special Consolidated School District, was a valid order, then under the decision in Colmer ex rel. Phillips v. Alexander, 161 Miss. 691, 137 So. 787, appellant had no case. The order is valid on its face, but appellant attacked it, by his pleadings, as being void for fraud and other reasons de hors. Upon the trial, when appellant offered his witnesses to prove the avoiding facts de hors, appellees objected on the ground that the evidence offered would be a collateral attack upon the said order, and all the objections were sustained on that ground. None of the witnesses were permitted to answer so as to make their answers of record, nor did appellant make any statement in the record of what

the answers or testimony of the witnesses would be, if permitted to answer, wherefore under the authority of Gulf, M. & N. Railroad Co. v. Willis, 171 Miss. 732, 157 So. 899, 158 So. 551, and a long line of similar cases, the record is not presented in such manner as to authorize us to act upon the assigned error.

Appellant has urged in argument that both the court and opposing counsel well understood from the form and frame of the interrogatories addressed to the witnesses, as well by the pleadings, what was the object of the testimony sought to be introduced, and what the scope and effect of it would be, and that being thus informed the purpose of the rule was satisfied. A careful examination of the cases will disclose that the rule goes substantially further. As stated in the case last cited, the rule is that "when a party would seek a reversal because of excluded testimony, he must either place the witness on the stand, ask the questions, and have the answers made of record, or else the witness must be presented, and there must be a specific statement of what the answers or testimony of the witness would be, if allowed, so that the court may see from the record itself whether the offered evidence would be material and of benefit to the merits of the case, and whether its exclusion was actually harmful and prejudicial to the offerer." See, also, Lizana v. Edward Motor Sales Co., 163 Miss. 266, 141 So. 295, and Mississippi Cent. Railroad Co. v. Robinson, 106 Miss. 896, 64 So. 838.

It will be observed, upon a review of the cases, that it is not enough under the rule that the general tenor or trend of the offered evidence shall be shown, nor in any case is it sufficient merely to propound questions to the witness or witnesses. The showing must be specific to the extent that the court may see that the proposed evidence would be actually responsive in terms of facts and not of mere conclusions; that it would be believable; and that if believed it would be sufficiently definite and substantial to sustain the issue, and particularly is this

true when charges of fraud are involved, which must be supported by proof which is clear and more convincing than a mere preponderance.

We have carefully examined all the assignments and are of the opinion that there is no error shown sufficient to work a reversal.

Affirmed.