WILKINSON *v.* GENERAL CONTRACT PURCHASE CORPORATION.

(Division B. May 5, 1947.)

[30 So. (2d) 237. No. 36438.]

Henry Edmonds and Charles M. Gordon, both of Jackson, for appellant.

134

**Allen C. Thompson,** of Jackson, and **Eric Babindreer,** of Memphis, Tenn., for appellee.

Argued orally by **Charles H. Gordon** and **Henry Edmonds**, for appellant, and by **Allen C. Thompson** and **Eric Babindreer**, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

During the first half of the year 1946, appellant was engaged in the business of retailing electric refrigerators and other electric appliances, part of which business was financed by appellee on what is commonly known as ''floor plan financing''. Appellant became in arrears and appellee instituted its appropriate action to recover possession of the articles upon which it had made floor plan advancements, and on the trial recovered judgment.

Appellant gave notice of affirmative matter to be proved in defense and therein, among others, that appellee is a foreign corporation, had not paid the privilege taxes required by Sections 9341-9350, Code 1942, and that because thereof, and particularly in view of the the provisions of Section 9346, appellee is denied access to the courts of this state to maintain its said action.

On the trial no proof was made of the affirmative defense mentioned in the foregoing paragraph, but appellant says that proof on that issue was offered and that the offer was refused by the trial court. We think it extremely doubtful whether the offer as shown by the record was such as measures up to the requirements as laid down in Martin v. Gill, 182 Miss. 810, 181 So. 849, and the long line of previous cases to the same effect; but if for the purposes of this case it may be said that the offer was sufficient for the taxes of the years 1943, 1944, and 1945, it

is clear that there is not enough in the offer in this record by which it could be stretched to include the year 1946. The burden of proof was on appellant on that issue, and there being no proof or sufficient offer of proof for the year 1946, the case must be reviewed as if there was no default in the privilege taxes for that year.

This then raises the question whether any default for the years 1943, or 1944, or 1945, or all of them operated to impose the penalty of disqualification to sue on business done in 1946,—the year in which all of the business here in controversy was done.

This question was answered, we think, many years ago in Anding v. Levy, 57 Miss. 51, 57, 34 Am. Rep. 435. At that time a similar penalty was imposed upon a merchant who had not paid his annual privilege license. The merchant took his license on August 1st of the year involved. A customer had bought goods from him both before and after August 1st, and when sued by the merchant, the customer contended that the merchant was barred from recourse to the courts not only as to sales made before August 1st, but also as to those made after that date. The Court, in response, called attention to the character of the statute as imposing a penalty and the well recognized construction which such statutes must receive, and held that the penalty ''applies only to such contracts as were made during the time the trader was in default''. So, in the present case, even if appellant had been allowed to prove and had proved default in the privilege taxes for the previous years, that would not have disqualified as regards the business done in the year 1946, in which year there was no default.

We have examined the other contentions made by the appellant and find in them no adequate ground for reversal. Affirmed.