RICHARDSON, COUNTY SUPERINTENDENT OF EDUCATION, et al. *v.* McMULLAN

No. 40749 February 17, 1958 100 So. 2d 571

*McFarland & McFarland,* Bay Springs, for appellants.

*Clayton Lewis,* Philadelphia; *W. H. Johnson,* Decatur, for appellee.

ETHRIDGE, J.

This suit originated in the Circuit Court of Newton County, with a petition by appellee W. M. McMullan for a writ of mandamus against defendants and appellants here, Bert Richardson, the Superintendent of Education of Newton County, and Barfoot, Johnson, Gordon, Simmons and Blount, members of the Newton County Board of Education. McMullan claimed that the Board con-

tracted with him to serve as principal of a school for the scholastic year 1957-1958 at a stated salary, but it refused to carry out such agreement. The petition sought to enforce the contract of employment, so as to require the county superintendent of education to issue to petitioner pay warrants each month during the stated scholastic year.

The defendants contended that the school district, for which the board had previously authorized a contract for McMullan as superintendent, had been abolished by a lawful reorganization of the school districts in Newton County, and he was not entitled to any relief. The case was submitted on an agreed statement of facts. The circuit court held that Section 28, Miss. Laws 1953, Ex. Sess., Chapter 20, constituted a savings clause in favor of contracts authorized prior to the reorganization of school districts; and therefore McMullan had a valid, enforceable contract. Hence the final judgment directed the county superintendent of education to issue to McMullan monthly pay warrants for the year 1957-1958.

I.

At the 1953 session of the Legislature, there was an almost complete rewriting and reorganization of the school statutes of the state. Existing school districts were abolished, but they were to continue until school districts should be reconstituted or the territory consolidated with other territories. County Boards of Education were required to make detailed studies of the school needs of the counties, and to order consolidation of existing school districts insofar as practical. This was subject to approval of the State Educational Finance Commission (called EFC). Miss. Laws 1953, Ex. Sess., Chapters 11, 12; Miss. Code 1942, Recompiled, Sections 6328-01 to 6328-95. A deadline of July 1, 1957, was set for such reorganizations. Section 6328-01. Section 6 of Chapter 66, Miss. Laws 1955, Ex. Secc., being Code Section 6328-17, provides:

"Until the date as of which the new district or districts is or are created or until the date set in said order for the schools or any of them within such school district to commence operation thereunder as a part of such newly created district, either or both, the school district or districts, and all schools thereof affected by such order of reconstitution and consolidation, or such order of reconstitution or consolidation, shall continue to operate under the laws applicable thereto as school districts as they now exist, independent of and without regard to the order or orders of reconstitution and consolidation, or reconstitution or consolidation, all subject, however, to the approval of the state educational finance commission."

Chapter 20 of Laws 1953, Ex. Sess., described methods of contracting with district superintendents, principals, teachers and other employees of schools. The county superintendent of education is the superintendent of a county-wide school district, which embraces all of the territory of a county exclusive of the territory embraced within the limits of a municipal separate school district. Code Sections 6282-04, 6328-21 (c). The reorganized Newton County School District is a county-wide school district within this definition. The superintendent of each school district recommends and the county board of education approves the principals to be employed for each of the schools of the district. Code Section 6282-05.

Code Section 6282-28, which is Section 28 of Chapter 20, Miss. Laws 1953, Ex. Sess., repeals a large number of statutes dealing with contracts with superintendents, principals and teachers, and then states: "* * * but neither the repeal thereof nor any provision of this act shall impair or affect the validity of any contract previously entered into with any superintendent, principal or teacher, or the election of any superintendent, principal or teacher prior to the passage of this act, and any

superintendent, principal or teacher elected prior to the passage of this act may be contracted with and serve for the term for which he or she was elected.'' The circuit court held that Section 28 was a savings clause in favor of the appellee's contract, and preserved its validity after reorganization of the school district.

## II.

On October 31, 1956, the Newton County Board of Education passed an order reorganizing, consolidating, reconstituting and creating the school districts of Newton County. Miss. Laws 1953, Ex. Sess., Chapter 12; Code Section 6328-01, et seq. This order was not to become effective until finally approved by the State Educational Finance Commission. Code Section 6328-01. The reorganization plan created in the county three school districts: The Special Municipal Separate School Districts of Newton and of Union; and the remainder of the county was to constitute the Newton County School District.

Appellee W. M. McMullan had been employed for thirteen years as Superintendent of the Decatur Consolidated School District. The proposed reorganization of the Newton County schools abolished the Decatur district, but it had not been approved by the EFC on January 21, 1957, when the trustees of the Decatur Consolidated School District elected McMullan as superintendent of that school for 1957-1958. This election was subject to the approval of the county board of education. Code Section 6282-04. On February 5, 1957, the Board approved McMullan's election as superintendent of the Decatur Consolidated School District.

However, after October 31, 1956, when the county board passed the order for reorganization of school districts, it was manifest to all parties concerned, including appellants and appellee, that the Decatur Consolidated School District was going to be abolished as soon as the

EFC approved the reorganization plan. The statutes expressly fixed July 1, 1957, as the final date for completion of reorganization of school districts in all counties. Code Section 6328-01.

On May 7, 1957, the county board of education passed by a vote of three to two an order refusing to give McMullan a contract as superintendent of the Decatur Consolidated School District for 1957-1958. At the same time the secretary of the board wrote appellee so advising him, in order that he could obtain employment elsewhere. On May 24, 1957, the EFC approved the reorganization of the Newton County school districts, as originally adopted by the county board of education in its order of October 31, 1956.

Although the county board had refused to approve a contract with McMullan, and although the reorganization order for county schools went into effect on May 24, 1957, abolishing the Decatur School District, nevertheless on July 1, 1957, appellant Richardson, County Superintendent of Education, executed with appellee a contract of employment for the school year 1957-1958, by which appellee was employed for the position of principal of the Decatur Attendance Center, Newton County School District. The contract erroneously recites that McMullan had been selected by the county board for this position. The board on February 5 elected appellee to the position of superintendent of the Decatur School District, which is a wholly different position from that of principal of the Decatur Attendance Center, Newton County School District.

After the reorganization order had gone into effect, the county board of education met on July 10, 1957. It approved the contracts of principals for five different attendance centers in the county, as recommended by Richardson, but a motion to approve McMullan's employment as principal of the Decatur Attendance Center died

for the lack of seconding. On July 11, 1957, appellee filed this petition for a writ of mandamus.

### III.

In its order of February 7, 1957, the Newton County Board of Education elected appellee to serve as superintendent of the Decatur Consolidated School District. This order had the effect of creating in appellee a contractual right, conditioned, however, upon the pending reorganization plans. Cheatham v. Smith, 92 So. 2d 203 (Miss. 1957). At the time the board's order of February 7 was passed, all of the members of the board and McMullan were necessarily aware of the fact that the statute required completion of reorganization of school districts of the county by July 1, 1957, and that such reorganization was going to abolish the Decatur School District. Furthermore, the board had already passed its order of October 31, 1956, which provided for abolition of the Decatur School District. All parties acted in full knowledge of the statutory requirement that the district would be affected by a county reorganization required to be completed by July 1, 1957.

McMullan took his February 7 election by the county board subject to the right and duty of the board to reorganize the school districts of the county. In other words, as his contract of July 1 stated, his employment was subject to this power of the board. No attack is made here upon the validity of the reorganization. It was entirely valid. Its effect was to abolish the job for which the county board of education had originally elected appellee on February 7. After the reorganization there was no longer a Decatur Consolidated School District, or a position as superintendent of such school district. It was incorporated in the county-wide district, Newton County School District. The Decatur school was retained only as one of the attendance centers for the Newton County School District. The school district

and the position to which the board elected McMullan were abolished by the reorganization order. His contract was subject to the board's power to do this.

Directly in point is Colmer v. Alexander, 161 Miss. 691, 137 So. 787 (1931). A teacher was selected to teach a named school, and she received her contract. The county school board then annexed the school to a municipal school district. It was held that the teacher's right to teach at the school was lost; that, "The county school board had authority in the premises, and the rights of the relator were subject to the lawful power of the school board." Cf. State, ex rel. Baria v. Alexander, 158 Miss. 557, 130 So. 754 (1930). Colmer v. Alexander was followed in Martin v. Gill, 182 Miss. 810, 181 So. 849 (1938). See also 78 C. J. S., Schools and School Districts, Section 194; but see 47 Am. Jur., Schools, Sections 121, 126.

In brief, appellee's election by the county board on February 7 to the position of superintendent of the Decatur School District was subject to the lawful power of the board to abolish that district, as was held in *Colmer* and *Martin*. However, the instant case is stronger in favor of appellants than are the two cited cases. The statutes expressly required a complete reorganization of the school districts of the county prior to July 1, 1957. The board had already passed an order proposing to do that, subject only to approval by the EFC. The attempted election of McMullan on February 7 as superintendent of the Decatur District, in the face of these circumstances, was at least premature. It was subject to the lawful power of the board to abolish the school district.

Appellee contends, and the circuit court held, that Section 28 of Chapter 20, Laws 1953, Ex. Sess., being Code Section 6282-28, quoted above, constitutes a savings clause in favor of appellee's contract. It states that no provisions of Chapter 20, dealing with contracts with school employees, shall impair the validity of contracts previously entered into, or elections of employees prior

to the passage of this act. Chapter 20 took effect on July 1, 1954, and those phrases in Section 28 have reference to that time. All of the events here occurred after that. Appellee does not cite any savings clause which would sustain his position, and we have not found any. The judgment of the circuit court must therefore be reversed and judgment rendered for appellants, dismissing with prejudice appellee's petition for a writ of mandamus.

Reversed and judgment rendered for appellants.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

ARRINGTON, J.

We have examined the contentions made in the suggestion of error and we are of the opinion that they are not well taken; therefore, the suggestion of error is overruled.

 The suggestion of error asserts that McMullan has actually taught and rendered services to the county and state as teacher and principal at the Decatur Attendance Center since this litigation was instituted, and that he is entitled to compensation on a quantum meruit basis. That question is not involved in this litigation, and naturally was not considered or passed upon by us when the case was decided.

Suggestion of error overruled.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.