275 So.2d 79 (1973)
Herman D. PRIEST
v.
STATE of Mississippi.
No. 47221.
Supreme Court of Mississippi.
March 12, 1973.
Rehearing Denied April 9, 1973.
*80 Elmore D. Greaves, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
The appellant Priest was convicted of armed robbery in the First Judicial District of the Circuit Court of Hinds County and sentenced to twenty-five years in the state penitentiary and from that sentence prosecutes this appeal.
The evidence reveals that on the night of December 28, 1970, the victim of the armed robbery, William Tullos, drove to Jackson from Ellisville and visited the Vapors Club, a night spot in Hinds County.
While there he became acquainted with a Mrs. Nellie Luke, who was at the club in the company of the defendant Priest. She volunteered to "get rid of Priest," and thereafter she and Tullos went for a ride to look for coffee. Finding a place open where coffee could be obtained that time of night turned out to be quite an endeavor as the couple drove from the Jackson area to nearby Raleigh, and still not finding any coffee, they parked behind an old gym and engaged in polite conversation, according to their accounts, until approximately 4:30 in the morning. Just prior to leaving Raleigh, Mrs. Luke called the defendant Priest who told her to get on back to Jackson. (Priest contends that Mrs. Luke was crying at the time and told him that she had been mistreated by Tullos.) Whereupon Tullos and Mrs. Luke drove back to the Vapors Club, arriving there at about 6:00 a.m. As they approached the club, they observed Priest in the doorway. As Tullos brought the car to a stop, Priest approached him with a pistol, accused him of having been out with his wife, told him that he ought to kill him and demanded and took Tullos' wallet containing $40 to $50 and his gold watch. The appellant admits that he accosted Tullos with a pistol but claims that he did so because he was mad as he was under the impression that Tullos had harmed Mrs. Luke. He further contends that he did not demand that Tullos give him his wallet and watch, but that Tullos gave them to him in an effort to appease appellant after being accused of having been out with appellant's wife.
After the altercation at the nightclub, Priest and Mrs. Luke returned to the apartment where they had been living together, although not married, and a few days later went to Vicksburg to visit Priest's brother. Thereafter they went to Tallahassee, Florida, and subsequently to Pensacola where they were apprehended. After waiving extradition they were returned to Mississippi for prosecution.
The State's case in chief was based wholly upon the testimony of the victim of the armed robbery, William Tullos, whereupon the State rested. Thereafter the appellant testified in his own behalf sharply *81 contradicting the testimony given by Tullos and thereafter rested. The State then called as a rebuttal witness, Mrs. Nellie Luke, who substantially corroborated the testimony of Tullos.
The defendant sets out six grounds for reversal in his assignments of error. However, we are of the opinion that only one is of sufficient merit to warrant discussion, and that is his contention that the court committed reversible error in refusing to allow the defendant to put on surrebuttal testimony. We would first point out that the court reporter's notes are silent as to any attempt by appellant to call witnesses in surrebuttal. However, in that regard, the appellant secured the following affidavit from the Honorable F. Kent Stribling some fifteen months after the motion for a new trial was overruled:
Personally appeared before me the undersigned authority in and for the jurisdiction aforesaid, the within named F. Kent Stribling, Jackson, Mississippi, who by me first being duly sworn states on his oath that he is a practicing attorney in Jackson, Mississippi; that on April 6, 1971, he appeared as Assistant District Attorney, for the State of Mississippi in cause no. 20,282, State of Mississippi vs. Herman Priest, which came on to be heard in the Circuit Courtroom of the Hinds County Courthouse in Jackson, Mississippi, before the Honorable Russell D. Moore, III, Judge of the Seventh Circuit Court District of this State;
That during the course of this trial, and after the State and defense rested, he introduced as a rebuttal witness on behalf of the State, Mrs. Nellie Luke, and that she testified at length on behalf of the State; that after the examination of Mrs. Luke, Elmore D. Greaves and Robert B. Hamilton, attorneys for the Defendant, attempted to call Howard Parkman, attorney for Mrs. Luke, and Elmore Graves (sic), attorney for the defendant, for the purpose of surrebuttal to Mrs. Luke, but were not permitted by the trial Court to do so.
Affiant states that the foregoing is a correct and true recitation of a part of the proceedings which took place at the trial herein referred to.
 /s/ F. Kent Stribling
Thereafter, appellant filed a suggestion of diminution of record in the Supreme Court and the above affidavit was ordered forwarded to this Court by writ of certiorari.
Appellant contends that the affidavit is properly before this Court for consideration, citing for authority therefor Rule 3 of the Rules of the Supreme Court of Mississippi:
By agreement of parties or their attorneys, made in writing and attested by the clerk of the court in which any case may be pending or record existing (which agreement shall be filed and made a part of the transcript of such record), such parts of the record and proceedings as shall be agreed shall constitute the transcript of the record to be brought to this Court and shall be certified as such and be considered a full transcript in this Court for the consideration and final adjudication of the cause here.
The appellee, State of Mississippi, argues that Rule 3 has no application to the facts of this case, and we must agree. Rule 3 was adopted in order to allow the parties on appeal to designate only those portions of the record deemed necessary by them for a proper determination of the issues presented, and it was not intended by its adoption, nor does its wording contemplate that it would be a means of correcting the record as made in the lower court or enlarging upon that record.
The proper procedure for correcting the court reporter's notes is set out in detail in section 1641, Mississippi Code 1942 Annotated (1956), and that procedure was not followed by the appellant herein. However, even if the above affidavit were properly before us, the appellant would *82 nevertheless fail in his effort to seek a reversal of the judgment of the lower court because he failed to make or offer to make a record of the facts that the two witnesses would testify about. In the absence of such a showing, this Court is helpless to determine whether or not the witnesses' testimony would be material. In Martin v. Gill, 182 Miss. 810, 181 So. 849 (1938), an order, valid on its face creating the Puckett Special Consolidated School District was being attacked as void for fraud and other reasons de hors. Justice Griffith speaking for the Court said:
... Upon the trial, when appellant offered his witnesses to prove the avoiding facts de hors, appellees objected on the ground that the evidence offered would be a collateral attack upon the said order, and all the objections were sustained on that ground. None of the witnesses were permitted to answer so as to make their answers of record, nor did appellant make any statement in the record of what the answers or testimony of the witnesses would be, if permitted to answer, wherefore under the authority of Gulf, M. & N. Railroad Co. v. Willis, 171 Miss. 732, 157 So. 899, 158 So. 551, and a long line of similar cases, the record is not presented in such manner as to authorize us to act upon the assigned error.
Appellant has urged in argument that both the court and opposing counsel well understood from the form and frame of the interrogatories addressed to the witnesses, as well by the pleadings, what was the object of the testimony sought to be introduced, and what the scope and effect of it would be, and that being thus informed the purpose of the rule was satisfied. A careful examination of the cases will disclose that the rule goes substantially further. As stated in the case last cited, the rule is that "when a party would seek a reversal because of excluded testimony, he must either place the witness on the stand, ask the questions, and have the answers made of record, or else the witness must be presented, and there must be a specific statement of what the answers or testimony of the witness would be, if allowed, so that the court may see from the record itself whether the offered evidence would be material and of benefit to the merits of the case, and whether its exclusion was actually harmful and prejudicial to the offerer." See, also, Lizana v. Edward Motor Sales Co., 163 Miss. 266, 141 So. 295, and Mississippi Cent. Railroad Co. v. Robinson, 106 Miss. 896, 64 So. 838. (Emphasis added.) (182 Miss. at 813-814, 181 So. at 849.)
If a trial judge refuses to allow a witness to take the stand, then counsel offering the witness must take the initiative and offer to dictate into the record a detailed statement of the relevant and material facts about which the witness would testify. If that offer is refused by the court, then counsel should see that the offer itself is recorded by the court reporter.
Counsel has the undeniable right to show in the record by appropriate means the nature and content of excluded testimony, and when the offer is properly made to preserve the record of such testimony and that offer is refused, then it is reversible error. Kidd v. State, 258 So.2d 423 (Miss. 1972); Hopkins v. Youth Court of Issaquena County, 227 So.2d 282 (Miss. 1969); Mississippi Power Co. v. Harrison, 247 Miss. 400, 152 So.2d 892 (1963); Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953).
However, the offered statement must be a sufficient disclosure of the witness' testimony and should not be a recital of conclusions or generalities as was the case in Gulf, M. & N. Railroad Co. v. Willis, 171 Miss. 732, 157 So. 899, 158 So. 551 (1934).
In the case before us there is no showing of any attempt to preserve the testimony of Mr. Parkman or Mr. Greaves. The affidavit simply states that they were offered in surrebuttal to Mrs. Luke which is *83 not sufficient to put the trial court in error.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.