162 N.J. Super. 269 (1978)
392 A.2d 662
FLORENCE KESSLER AND GERALD KESSLER, PLAINTIFFS,
v.
NEWTON TROUM, D.D.S., P.A., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided August 4, 1978.
Messrs. Brigadier & Margulies, attorneys for plaintiffs (Mr. Robert E. Margulies appearing).
*270 Messrs. Lieb, Berlin & Kaplan, attorneys for defendant (Messrs. Gerald Kaplan and Robert Joel Marmorstein appearing).
GAULKIN, J.S.C.
In this dental malpractice action plaintiffs move to compel defendant to disclose certain information which defendant claims to be privileged; the narrow and novel question presented is whether communications between a dentist and his patients are privileged under N.J.S.A. 2A:84A-22.1 et seq.
Between 1969 and 1975 plaintiff Florence Kessler underwent a course of dental restoration and rehabilitation with defendant. In 1975 she was found to have a malignant lesion of the gums. She charges that defendant negligently caused that condition and failed to properly and timely diagnose it.
At defendant's deposition plaintiffs inquired as to his prior experience with oral cancer. Defendant disclosed two prior occasions, one involving the lip and cheek and the other involving the tongue. Plaintiffs then sought to elicit both the details of those conditions and the identities of the patients who suffered them. Asserting the physician-patient privilege, defendant refused to answer those further inquiries; at argument of the present motion, however, his counsel indicated that defendant would not object to answering questions concerning the cancers which his patients had if he were permitted to withhold the identities of those patients.
Plaintiffs do not dispute that if defendant were a medical doctor the identities of nonparty patients conjoined with a description of their illnesses and treatment would constitute privileged communications. See Osterman v. Ehrenworth, 106 N.J. Super. 515, 525 (Law Div. 1969). The sole question presented is whether the same privilege attaches to such communications between a dentist and his patient.
N.J.S.A. 2A:84A-22.2 accords privilege to communications between patient and "physician." N.J.S.A. 2A:84A-22.1 defines "physician" as
*271 * * * a person authorized or reasonably believed by the patient to be authorized, to practice medicine in the State or jurisdiction in which the consultation or examination takes place * * *.
Nowhere does the statute define the phrase "authorized to practice medicine."
The applicability of the privilege statute to dentist-patient communications has not been addressed in any reported New Jersey cases. Case law in other jurisdictions is sparse and unpersuasive. In People v. DeFrance, 104 Mich. 563, 62 N.W. 709 (Sup. Ct. 1895), a forgery prosecution, the trial court permitted the prosecution to adduce testimony from defendant's dentist as to treatment which arguably explained discrepancies between eyewitness descriptions of the forger and defendant's appearance at the time of trial; in affirming the conviction the Michigan Supreme Court held that the statute granting privilege to communications with a person "authorized to practice medicine or surgery" was intended:
* * * to invite confidence in respect to ailments of a secret nature, and the spirit of the act would not include a case where the infirmity was apparent to every one on inspection. In practice, however, the statute has not been so limited in construction, for the reason that the words of the act are broad enough to include any information necessary to enable the physician to prescribe or the surgeon to act. Nevertheless, the purpose of the act is to be considered in determining whether the dentist was intended to be included within its terms. Certainly the terms "dentist" and "surgeon" are not interchangeable, and if a dentist is to be held to be a surgeon, within the meaning of this act, it must be because his business as a dentist is a branch of surgery. It is apparent that the act related to general practitioners, and to those whose business as a whole comes within the definition of "physician" or "surgeon." A dentist is one whose profession it is to clean and extract teeth, repair them when diseased, and replace them, when necessary, by artificial ones.
Similarly in Howe v. Regensberg, 75 Misc. 132, 132 N.Y.S. 837 (Sup. Ct. 1911), the court upheld a judgment in favor of a dentist for services rendered, where the dentist *272 had testified to the services he provided to defendant's decedent. The court, reviewing a number of local statutes, concluded that the intention of the legislature was to exclude dentists from the privilege accorded communications of persons "duly authorized to practice physic or surgery."
In Golf, Mobil and N.R. Co. v. Willis, 171 Miss. 732, 157 So. 899 (Sup. Ct. 1934), aff'd. on rehearing, 171 Miss. 739, 158 So. 551 (1935), a personal injury action, the trial judge refused defendant's proffer of testimony by plaintiff's treating dentist as to the extent of the injury sustained. The Mississippi Supreme Court held that ruling to be error because "a dentist is not a physician within the intent and meaning" of the governing statute, and the statute "must be limited to its language and clear purpose"; it found that error, however, to be harmless.
And in Belichick v. Belichick, 37 Ohio App.2d 95, 307 N.E.2d 270 (App. Ct. 1973), a matrimonial proceeding, the court affirmed an order granting a wife discovery of patient cards as bearing on her husband's income as a dentist; that discovery incidentally exposed information as to each patient's diagnosis and treatment, also set forth on the cards. The applicable statute defined "physician" as "one who has been duly authorized and licensed by the state medical board to engage in the general practice of medicine." The court found that the statutory privilege should be narrowly construed and that a dentist was not within its ambit because he was not engaged "in the general practice of medicine."
The few decided cases are thus based on interpretations of local statutory language and involve factual settings quite unrelated to that presented here. Moreover, they are largely old precedents, reflecting a time when dental care was mechanical in nature and often entrusted to barbers, blacksmiths and jewelers. See People v. DeFrance, supra, 62 N.W. at 712; Howe v. Regensberg, supra, 132 N.Y.S. at 839.
*273 A more contemporary view of the role of the dentist and its bearing on privilege statutes is stated in 8 Wigmore, Evidence § 2382(1), at 834-35 (McNaughton Rev. 1961):
Hence, the person consulted must be a professional physician in the usual sense of the word. This does not include a veterinary surgeon nor a pharmacist. It does not include a nurse * * * but it should include a dentist in view of the modern recognition of dental science as strictly a branch of medical science.
Although research has disclosed no case which finds a dentist to be a "physician" within the meaning of a privilege statute, various cases arising in other contexts have treated dentists as medical practitioners. See, e.g., Gasul v. Michigan Mut. Liab. Co., 345 Ill. App. 607, 104 N.E.2d 122 (App. Ct. 1952) (dentistry is a subdivision of "surgery" for purposes of insurance coverage); State v. Borah, 51 Ariz. 318, 76 P.2d 757, 115 A.L.R. 254 (Sup. Ct. 1938) (dentist is a physician for purposes of administering or supervising the administration of anesthesia); see generally, Annotation, "Dentist as a physician or surgeon within statutes," 115 A.L.R. 261 (1938).
Such authority as there is, then, teaches principally that "physician" is a term subject to varied interpretations and applications. See, generally, Annotation, "Classes of persons within term `physician' in rule as to privileged communications," 68 A.L.R. 176 (1930). N.J.S.A. 2A:84A-22.1 does not resolve those ambiguities: it defines "physician" as a person "authorized to practice medicine," but fails to describe what constitutes the practice of medicine. The Legislature, however, has defined the practice of medicine as part of its general scheme of regulation of medicine and surgery. N.J.S.A. 45:9-18 provides that a person "shall be regarded as practicing medicine and surgery" who
* * * holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition.
*274 That broad legislative definition of the practice of medicine surely comprehends dentistry as an included subspecialty. Such a reading of the statute is consistent with Wigmore's observation, supra, of "the modern recognition of dental science as strictly a branch of medical science."
A person "authorized to practice medicine" as described in N.J.S.A. 2A:84A-22.1 can thus be reasonably construed as including a licensed dentist. Common sense and a fair assessment of the legislative intent mandate that reading in the present setting. The privilege is intended to protect those who are obligated to consult physicians from disclosure of information of a highly personal or secret nature. See Annotation, "Discovery, in medical malpractice action, of names of other patients to whom defendant has given treatment similar to that allegedly injuring plaintiff," 74 A.L.R.3d 1055, 1057 (1976); see also, People v. DeFrance, supra, 62 N.W. at 711. Here defendant has been requested to disclose information about nonparty patients concerning serious medical conditions observed by him in the course of his professional consultations. Every reason for protecting the patient from disclosure of such communications with a medical doctor is equally applicable and compelling where those communications are with a dentist.
Accordingly, plaintiff's motion is denied. In light of this disposition it is not necessary to consider defendant's alternative suggestion that plaintiff's inquiries should be foreclosed by a protective order entered pursuant to R. 4:10-3.