YORK *v.* ROBERTS.

(No. 81-CV-0233—Decided May 9, 1983.)

Court of Common Pleas of
Clermont County.

*Mr. Paul Heldman* and *Ms. Barbara Overman,* for plaintiff.
*Mr. James W. Gustin,* for defendant.

RINGLAND, J. This matter came for hearing on April 12, 1983, based on the status report requested by the court. Present were counsel for plaintiff, Barbara Overman, and counsel for defendant, James Gustin. Both counsel agreed that on or about February 22, 1983, a deposition was taken of Dr. John P. Schmitz by defendant. Dr. Schmitz was defendant's examining doctor who, on September 7, 1982, examined the plaintiff at the request of defendant. Both parties' counsel agreed that the transcript of the deposition would be submitted to the court and the court would take under advisement the issue as to whether a Civ. R. 35(B) waiver had occurred at the deposition entitling defendant to examine one Dr. McLaurin who had treated plaintiff in 1976. Counsel for the plaintiff, on April 7, 1983, filed a motion for protective order prohibiting the future taking of the deposition of Dr. McLaurin by defendant as well as a motion to compel, requesting an order to allow plaintiff's cross-examination of the examining physician, Dr. Schmitz.

The court has previously ruled on whether there was a waiver of privilege by plaintiff on cross-examination during her deposition as to her treatment in 1976 by Dr. McLaurin. See *York* v. *Roberts* (1983), 9 Ohio Misc. 2d 19. The court also indicated in that decision filed March 29, 1983, that at that time facts were insufficient to determine if a Civ. R. 35(B) waiver applied at that deposition. As indicated, subsequent events occurred which now raise that issue.

In reviewing the deposition of Dr. Schmitz which was transcribed by plaintiff, the record indicates that after direct examination by defendant of the examining physician, plaintiff's attorney requested the examining doctor's records.[1] At that point the deposition went off the record, and upon coming back on the record reflected that plaintiff's counsel received the entire file of Dr. Schmitz. Plaintiff, on the other hand, indicated that she wished to receive only his records from which he testified; she claimed that she was entitled to these documents under Evid. R. 612.

Civ. R. 35(B) indicates that a party waives any physician-patient privilege when he requests and obtains a report of

---

[1] "Doctor I would like to review your records if I might."

an examination that has either been ordered by the court or agreed to by the parties. The record will reflect that the parties agreed to Dr. Schmitz' examination by plaintiff and that plaintiff's attorney did request and receive the doctor's report.

Certainly plaintiff is entitled to cross-examine the adverse party's witness by reviewing the records of that witness who used those records to refresh his recollection. However, Evid. R. 612 does not necessarily contradict Civ. R. 35(B)(2); cross-examination inherently is risky. It potentially opens the door for further questions or discovery. Civ. R. 35(B) is designed to arrive at the truth: "Any disadvantage to one party from another's gaining such information is offset, however, by the possible advantage therefrom of arriving at the truth of the situation, which is, and must remain, the ultimate goal in determining the rights of parties in litigation." *Ex parte Oliver* (1962), 173 Ohio St. 125, at 130 [18 O.O.2d 388]. Civ. R. 35(B)(2) is quite specific and its language would apply even if Evid. R. 612 is invoked by the plaintiff. Therefore, a Civ. R. 35(B)(2) waiver has occurred and the court so finds and hereby overrules plaintiff's motion for protection order. The court finds that plaintiff's motion to compel is well-taken, however, and hereby orders defendant to allow plaintiff to complete her cross-examination. The court denies plaintiff's request for reasonable expenses.

*Judgment accordingly.*