IN RE LOEWENTHAL.

(No. 23798—Decided May 3, 1956.)

*Mr. Lawrence E. Stewart* and *Mr. N. D. Rollins,* for petitioner.

*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for respondent.

HURD, J. The petitioner, Dr. M. Loewenthal, a practicing physician in the city of Cleveland, has invoked the original jurisdiction of this court for the purpose of obtaining a writ of habeas corpus to release him from arrest on a mittimus issued for contempt of a notary public because of his refusal to answer certain questions propounded to him during the course of a hearing by way of deposition in a case now pending in the Court of Common Pleas of Cuyahoga County.

Involved is the question of privileged communications between physician and patient.

Since there is virtually no dispute as to the essential facts, we shall here state only such as are necessary to an understanding of this opinion.

The action now pending in the Court of Common Pleas which gives rise to this proceeding is entitled "Jack Goldman, Plaintiff, v. Rose Marie Sabo, Defendant," wherein the plaintiff prays for damages for personal injuries growing out of an automobile accident. The injuries claimed by the plaintiff are of a serious nature, including pain and suffering and "the amputation of his left leg."

As a result of the accident, the plaintiff sought medical care and treatment from the petitioner, Dr. M. Loewenthal, who, as the attending physician, treated him on various occasions between June 12, 1955, and June 23, 1955, and in consequence thereof, became possessed of information gained from the confidential relationship of physician and patient, by reason of which plaintiff argues that the information is privileged. The plaintiff, for the purpose of perpetuating his own testimony, gave his deposition on direct examination. In so doing, the plaintiff stated in detail what injuries allegedly were incurred, what he told his physician, Dr. Loewenthal, in regard thereto and what treatment the doctor administered.

Thereafter, the defendant subpoenaed Dr. Loewenthal, intending to interrogate him as her witness by way of deposition regarding the plaintiff's injuries and the physician's treatment thereof solely for the purpose of perpetuating the testimony of the physician. Plaintiff, through his counsel, objected to the physician answering any questions. The physician thereafter declined to testify, stating that he did not have his patient's consent. The defendant claims that by testifying on direct, on deposition, concerning the patient-physician relationship, the plaintiff waived the privilege and that he is compelled to testify on deposition. Whether or not the physician's subsequent arrest was proper depends on whether the physician-patient privilege is still in effect, so far only as the right to take the deposition of the physician is concerned, or whether for that purpose it had been waived when the patient voluntarily testified in his own behalf by way of deposition.

Consequently, the question at issue here, which appears not to have been definitely decided in Ohio, must be confined within narrow limits relating only to the right of defendant to take the physician's deposition.

At common law no privilege extended to communications between physician and patient similar to that which protected the confidences between attorney and client. See 5 Jones Commentaries on Evidence, 4155, Section 2183; Hughes on Evidence, 290, Section 6.

It is said that the purpose of privilege is to protect one in need of medical aid against the disclosure and consequent publicity of his bodily ailments and to lend a sense of security and confidence to the relation so that a patient will not be reticent about disclosures that might be material to his physical welfare. See 5 Jones Commentaries on Evidence, 4156, Section 2183. However, the purpose of the privilege fails when the patient makes his physical condition an issue and voluntarily testifies concerning his physician-patient relationship. Wigmore, in 8 Wigmore on Evidence (3 Ed.), 831, Section 2388, has a cogent comment on the reasons for waiver by actual conduct as follows:

"(c) Coming now to waivers *implied from conduct* [emphasis by Wigmore], it is to be noticed that these depend * * *

on two considerations—the interpretation of the actual conduct, and the fairness of the situation created by that conduct. A waiver is to be predicated, not only when the conduct indicates a plain intention to abandon the privilege, but also when the conduct (though not evincing that intention) places the claimant in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege. It is not to be both a sword and a shield (in Lord Mansfield's phrase concerning an infant's exemption from liability).'' The subject of privileged communications is defined by Ohio Revised Code Section 2317.02 (formerly Section 11494, General Code), pertinent parts of which are as follows:

''The following persons shall not testify in certain respects:

''(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient, but the attorney or physician may testify by express consent of the client or patient, or if the client or patient be deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of such deceased client or patient; and if the client or patient voluntarily testifies, the attorney or physician may be *compelled* to testify on the same subject.'' (Emphasis added.)

From this it will be noted that the physician may testify by express consent of the patient and, if the patient voluntarily testifies, the physician may be *compelled* to testify on the same subject.

In the case of *Weis* v. *Weis,* 147 Ohio St., 416, 72 N. E. (2d), 245, 169 A. L. R., 668, it was held that the statute (now Section 2317.02, Revised Code), being in derogation of the common law, must be strictly construed. This is in accord with authoritative decisions in other jurisdictions. See *Clifford* v. *Denver & Rio Grande Rd. Co.,* 188 N. Y., 349, 80 N. E., 1094; *Munzer* v. *Swedish American Line,* 35 F. Supp., 493.

Inasmuch as the question of privilege here relates only to the right of taking depositions, primarily for the purpose of perpetuating testimony, it is necessary to consider the statutes relating to taking and using testimony by deposition.

Section 2319.01, Revised Code (formerly Section 11521, General Code), is as follows:

"The testimony of witnesses may be taken:

"(A) By affidavit;

"(B) By deposition;

"(C) By oral examination."

Section 2319.05, Revised Code (formerly Section 11525, General Code), which controls the use of depositions, is as follows:

"The deposition of a witness may be used only:

"(A) When it is made to appear to the satisfaction of the court he does not reside in, or is absent from, the county where the action or proceeding is pending, or, by change of venue, is sent for trial;

"(B) When he is dead, or, from age, infirmity, or imprisonment, is unable to attend court;

"(C) When the testimony is required upon a motion, or where the oral examination of the witness is not required."

Our Supreme Court, in the case of *In re Renee,* 159 Ohio St., 37, 110 N. E. (2d), 795, 42 A. L. R. (2d), 572, said at page 41, with respect to these two latter sections:

"Neither of those sections defines 'testimony' or 'witness' but it is inherent that a deposition is a record of testimony and that the one giving the deposition is a witness."

The petitioner argues that the plaintiff did not voluntarily testify. This argument, we think, is untenable because, so far as the deposition hearing is concerned, it was instituted by him for the express purpose of testifying in order to perpetuate his testimony. This he did voluntarily for his own benefit. Was he then giving testimony as a witness? This must be answered in the affirmative on the authority of *In re Renee, supra,* where it is said that a deposition is a record of testimony and the one giving the testimony is a witness. In the case of *Patterson* v. *State,* 122 Ohio St., 96 at page 98, 171 N. E., 26, the Supreme Court defined "testimony" as follows:

" 'Testimony' is 'a statement made under oath in a legal proceeding; the evidence of a witness given under oath; the statement made by a witness under oath, or affirmation.' 38 Cyc., 248."

To the same effect is the definition contained in Bouvier's Law Dictionary, Baldwin's Century Edition (1948), where "testimony" is defined as follows:

"The statement made by a witness under oath or affirmation.

"The word 'testimony' more properly refers to oral evidence than to documentary, and it is reasonable that a distinction should be made between the two. 227 U. S., 592.

"The statement of a witness under oath; yet it need not necessarily be made to a judicial tribunal. *Thus, a deposition may contain testimony, although never used in the cause pending*; 134 Ind., 35. It is a species of evidence by means of witnesses; 43 La. Ann., 1078, 1194." (Emphasis added.)

In this case, the deposition of the plaintiff cannot be offered in evidence if the plaintiff is available to testify in person. Likewise, the deposition of the physician may not be offered in evidence if the physician is available to testify in person, and then only subject to the provisions of the statute.

In considering the question here presented, we are not called upon to attempt to determine what may occur at the time of trial. Suffice it to say that the statutes here quoted and cited, relating to depositions, will cover procedure at the time of the trial. Limiting our decision to the narrow issue here presented, it is our opinion that the plaintiff-patient, in testifying on direct examination by way of deposition concerning his injuries and concerning his physician-patient relationship, waived the privilege insofar only as deposition hearings are concerned. Thus, we conclude that the physician may now be compelled to testify on deposition on the same subject at the instance of the defendant. In other words, both the plaintiff and the defendant may perpetuate their testimony and file their depositions, even though the occasion may never arise to use them.

It should be emphasized that this decision applies only to the taking of the deposition of the witnesses and does not extend to the trial proceedings, except in accordance with the provisions of Section 2319.05, Revised Code.

In our opinion, the parties are amply protected against any improper use of the depositions by the provisions of the statute and the decisions of the Supreme Court in the cases of

*Ausdenmoore et al., Exrs.,* v. *Holsback,* 89 Ohio St., 381, 106 N. E., 41; *Prince, Exrx.,* v. *Abersold,* 123 Ohio St., 464, 175 N. E., 862; *Harpman* v. *Devine, Recr.,* 133 Ohio St., 1, 10 N. E. (2d), 776, 114 A. L. R., 789; and *In re Renee, supra.* While the *Ausdenmoore* and *Harpman cases* involve Section 11494, General Code (now Section 2317.02, Revised Code), and the *Prince* and *Renee cases* involve Section 11495, General Code (now Section 2317.03, Revised Code), the principle involved in all of these cases is the same, making it unnecessary to discuss these cases at any length. The rule is briefly expressed in the *Prince case,* where the court stated, at page 467:

"After a careful examination of these decisions of other states, a majority of the court is of the opinion that the better and safer rule is that *the mere filing* of a deposition taken of an adverse party *does not waive the inhibition* of the statute against the testimony of the party whose deposition has been so taken." (Emphasis added.)

It is clear, therefore, that, while the testimony taken on deposition may never be used on trial, yet the deposition may lawfully be taken under applicable statutes and on the authorities above stated.

For the reasons stated, the members of the court are unanimously of the opinion that the application of the petitioner for a writ of habeas corpus should be denied and the physician should be compelled to testify upon deposition hearings only at the instance of the defendant.

*Prisoner remanded to custody.*

KOVACHY, P. J., and SKEEL, J., concur.