HEINEMANN ET AL *v.* MITCHELL.

[Cite as Heinemann v. Mitchell, 8 Ohio Misc. 390.]

(No. A 190525—Decided March 20, 1964.)

Common Pleas Court of Hamilton County.

*Messrs. Chalfie & Teller* and *Mr. Louis A. Ginocchio*, for plaintiffs.

*Mr. J. A. Culbertson* of *Messrs. Pogue, Helmholz, Culbertson & French*, for defendant.

HOY, J. This case is before the court on the application for advice and instructions filed with the court by Miss Edna Todd, notary public, who is acting as commissioner at the taking of depositions.

Defendant is taking the deposition of the record librarian of the Good Samaritan Hospital and seeks to compel the production of the plaintiff's hospital records while a patient at the hospital. Plaintiff objects to the production of the records on the ground that they contain privileged communications between plaintiff and her physician.

By consent of the parties, photographic copies of the original records were substituted for the originals and turned over to the notary who then sealed them and delivered them to the court together with a transcript of the deposition and her request that the court advise her as to whether she should compel the production of the records by the record librarian.

The court has examined the records and is of the opinion that they do contain some matter which may be privileged.

The issue is whether defendant may, by taking the deposition of the record librarian, inspect plaintiff's hospital records as a part of his preparation for trial over the objection of the plaintiff on the ground of privilege.

All questions of the admissibility of hospital records generally at the trial have been laid to rest by our Supreme Court in the case of *Weis* v. *Weis*, 147 Ohio St. 416. However, the question of whether the production of such records may be compelled at a deposition hearing where it is claimed that they contain certain privileged matter, seems not to have been decided in this state.

While it is well settled that hospital records made in the regular course of business and pertaining to the business of hospitalization and recording observable acts, transactions, occurrences or events incident to the treatment of a patient are admissible as evidence, it is equally well settled that where such records contain communications between physician and

patient which have been reduced to writing and incorporated in the records, such portions of the records are privileged by virtue of the express provisions of Section 2317.02, Revised Code, and may not be introduced in evidence over the objection of the patient.

It may be argued that the records should be admitted at the deposition hearing and if they are found to contain privileged matter, the privileged portion may be ordered deleted by the court at the trial. This would not, however, afford the patient the protection given her by the statute because once the privileged material is put in the hands of her opponent much of the benefit of the privilege may be lost.

I am completely in accord with the modern trend in litigation away from the old "battle of wits" concept and toward the avoidance of surprise but, since the question of what portion of a hospital record is privileged and what portion is not is a matter requiring judicial determination beyond the capabilities of the notary, I am unwilling to order the production of such records for the inspection of the defendant at a deposition hearing prior to trial.

The notary is, therefore, advised to return the records to the record librarian and to sustain the plaintiff's objection to their production at the deposition hearing.

*Judgment accordingly.*