YORK *v.* ROBERTS.

(No. 81-CV-0233—Decided March 29, 1983.)

Court of Common Pleas of Clermont County.

*Ms. Barbara Overman,* for plaintiff.
*Mr. Richard Lawrence,* for defendant.

RINGLAND, J. This matter came for hearing on March 7, 1983, based upon the request of the parties for a decision concerning the status of the use of one Dr. McLaurin's deposition. According to the

facts submitted to this court by the parties, plaintiff, Beatrice York, on cross-examination, stated that she was treated for the "same type of condition" previously in 1976 by a Dr. McLaurin. Defendant, Gary W. Roberts, then subpoenaed Dr. McLaurin, which action was initially resisted by plaintiff but later for purposes of discovery was permitted by plaintiff. The right of privilege is statutory (R.C. 2317.02) and not common law. *In re Roberto* (1958), 106 Ohio App. 303 [7 O.O.2d 63]. Merely answering questions as to treatment from a physician in response to questions on cross-examination does not waive the physician-patient privilege under R.C. 2317.02. *Harpman* v. *Devine* (1937), 133 Ohio St. 1 [9 O.O. 347]. While plaintiff waives her privilege if she testifies *voluntarily* about treatment by a physician, *In re Roberto,* *supra,* if her testimony is on cross-examination this is not the case. A party's testifying *in his own behalf* as to his injuries, communications made by him to his physician and the physician's treatment of him waives his privilege against having the physician testify as to the same matters already disclosed by him, and in such cases the physician may be compelled to testify. *In re Loewenthal* (1956), 101 Ohio App. 355 [1 O.O.2d 302]. Based upon the above cases as well as a reading of R.C. 2317.02, the fact that plaintiff voluntarily testified as to treatment from one doctor does not waive her privilege as to testimony concerning all other doctors. See, also, Annotation, 5 A.L.R. 3d 1244. The facts are insufficient to determine if a Civ. R. 35(B) waiver applies.

*Judgment accordingly.*