PACHECO *v.* ORTIZ.

(No. 54159—Decided November 4, 1983.)

Court of Common Pleas of
Cuyahoga County.

*Mr. Thomas J. Escovar,* for plaintiff.
*Mr. Salvatore P. Jeffries,* for defendant.

*Mr. George F. Gore,* for Cleveland Clinic Foundation.

RICHARD J. MCMONAGLE, J. The defendant, Nelda Ortiz, in this matter, under Civ. R. 45(F), filed a motion with this court for an order compelling the Cleveland Clinic Foundation to show cause why it should not be held in contempt of court for failure to obey a subpoena duces tecum served upon it. The subpoena commanded the "Cleveland Clinic Foundation, Custodian of Medical Records," to attend a deposition scheduled for October 31, 1983, and to produce at that time any and all medical records concerning *plaintiff,* Alcides Pacheco. The Cleveland Clinic Foundation responded by letter to defendant's attorney. (See Appendix.)

This entire matter concerns a situation not uncommon in personal injury matters wherein the counsel for defendant subpoenas the medical records of an allegedly injured plaintiff from either the treating hospital or treating doctor so that it may determine among other things the nature and extent of injuries, bills incurred, history given by the plaintiff, etc. In this case, the Cleveland Clinic Foundation was apparently the treating entity of the plaintiff in this matter. When the subpoena was issued, the representative from the Cleveland Clinic Foundation failed to appear at the deposition. Consequently, this motion to show cause was filed with the court. Therefore, the ques-

1

tion before the court is whether or not the Cleveland Clinic Foundation should be held in contempt of court for refusing to attend the deposition scheduled for October 31, 1983, and to produce at that time any and all medical records concerning the plaintiff.

In the clinic's response to the subpoena (see Appendix) the Cleveland Clinic Foundation's attorney advised the defendant's attorney that these records "may not and will not be produced upon deposition" because "such records are subject to both a statutory privilege and a statutory and common law right of privacy" and that Civ. R. 26(B)(1) provides that only *non-privileged* matter could be subject to discovery. The letter also directed defendant's attorney to Cuyahoga County Court of Common Pleas Local Rule 12, which provides for the release of *non-privileged* medical records *only* upon express authorization of the patient, or by court order. Under Civ. R. 45(D)(1), a witness at a records deposition may only be commanded to produce matters within the scope of examination permitted under Civ. R. 26(B)(1), *i.e.*, non-privileged matters.

The law is quite clear that any hospital records of a party, albeit the plaintiff in this matter, may not be released to anyone if such matters are privileged unless such privilege is waived by the party being treated. Our Local Rule 12 would indicate that the production by the Cleveland Clinic Foundation of the medical records requested by the defendant is improper. Local Rule 12, entitled "Reproduction of Hospital Records," states in pertinent part:

"(A) Upon motion of any party showing good cause therefor and upon notice to all other parties, the judge may order any hospital in the county, by any agent thereof competent to act in its behalf, to reproduce by photostating or other recognized method of facsimile reproduction, all or any other portion of designated hospital records or X-rays *not privileged,* which constitute or contain evidence pertinent to an action pending in this court. Such order shall direct the hospital to describe by cover letter the portion or portions of the record reproduced and any omissions therefrom and to specify the usual and reasonable charges therefor, and such order shall designate the person or persons to whom such reproduction shall be delivered or made available." (Emphasis added.)

It is clear that a motion filed in court showing good cause with notice to all parties and a court order granting such motion are required before any portion of the hospital records may be released; however, only those records which are *not privileged* may be released pursuant to Local Rule 12.

In its reply to the defendant's motion to show cause, the Cleveland Clinic Foundation provided a litany of reasons why it would not know certain very important items of information which would help it determine whether or not the information as requested under the subpoena was in fact privileged. They are as follows:

— whether the attorney issuing the subpoena represents the plaintiff or the defendant, or

— whether the individual whose records it is to produce is or was a former patient, or

— whether the subpoena is merely a "fishing expedition" to determine whether the named person was ever treated at the Cleveland Clinic Foundation, or

— whether the patient is a plaintiff or a defendant, or even a party in the lawsuit at issue, or

— whether the patient has expressly waived the physician-patient privilege, or

— whether the patient and/or the patient's attorney had notice that a medical records deposition was being taken, or

— whether the patient and/or the patient's attorney ever had the opportunity to object to the production of the records requested in the subpoena, or

— whether the records requested involve material which cannot be produced pursuant to Section 2.1 *et seq.*, Title 42, C.F.R., or

— whether the records sought may not be produced pursuant to R.C. 5122.31 regarding the disclosure of information for mentally ill patients, or

— whether the subpoena seeks information which may not be released pursuant to R.C. 5122.49, relating to the treatment of drug abusers.

Consistent with the arguments as presented by the Cleveland Clinic Foundation and its response to the motion to show cause by the defendant, this court finds that unless there was a waiver by the plaintiff himself, either actual or implied, of his privilege in regard to his hospital records, then they may not be released even though a subpoena has been properly served upon, in this case, the custodian of the hospital records, *i.e.*, Cleveland Clinic Foundation.

The question of whether or not there is an implied waiver could be shown, for instance, in a situation where the plaintiff's own lawyer for some reason would depose the plaintiff for, perhaps, perpetuation of his testimony, and in that deposition the plaintiff discussed his health, his hospital records, etc. At that time this court would feel that this would be an implied waiver of his privilege and that any subpoena issued upon the custodian of the records or any hospital should be honored. This court does not feel that a deposition taken by a defendant on cross-examination of a plaintiff would constitute a waiver by the plaintiff of his privilege.

An actual waiver by the plaintiff signed by himself or through his attorney would, of course, be a case in which the hospital should then proceed to answer a subpoena and submit the records to the individuals who requested them. In this case, there was no record as to whether or not the plaintiff had objected under the rules. Consistent with our court rules, the plaintiff should have been given notice of this deposition and if, in fact, he would not have objected through his attorney or personally to the deposition, that could have been considered a waiver by the plaintiff of his privilege. Simply put, the Cleveland Clinic Foundation is not required to release the records of one of its patients until it has received most certainly an actual waiver of the privilege by its patient, in this case the plaintiff, or if it, through counsel, has reason to believe that there has been an implied waiver according to the examples as stated by the court above.

Accordingly, the Cleveland Clinic Foundation's current policy is valid, and absent a court order or waiver, it is not to be required to obey a subpoena as issued in this case.

*Judgment accordingly.*

APPENDIX

*See following pages 4, 5 and 6*

4

# THE CLEVELAND CLINIC FOUNDATION
9500 Euclid Avenue Cleveland, Ohio 44106 U.S.A.

Oct. 20, 1983

David A. Forrest, Esq.
33 Public Square Building
Cleveland, Ohio 44113

Re: Alcides Pacheco

Dear Sir:

Please be advised that we are in receipt of a subpoena duces tecum issued on your behalf which requests the production of medical records at a deposition relative to the above-captioned matter. It is the position of The Cleveland Clinic Foundation that such records are subject to both a statutory privilege and a statutory and common law right of privacy. Accordingly, these records may not and will not be produced upon deposition.

Civil Rule 26(B)(1) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action... (emphasis added)

The records specified by the subject subpoena duces tecum are privileged pursuant to various sections of the Revised Code including O.R.C. <2317.02 (B), and therefore are excluded from discovery under the Civil Rules. While this privilege is a personal right of a patient, and not of a physician, nurse, psychologist, therapist or hospital, The Cleveland Clinic Foundation recognizes that it may be held liable for the improper release or disclosure of privileged and confidential medical information, Hammonds v. Aetna Casualty and Insurance Co. (N.D. Ohio 1965) 237 F. Supp. 96; Nationwide Mutual Ins. Co. v. Jackson (Cuyahoga Cty Ct App) 10 Ohio App. 2d 137. Such information may be released only upon the express authorization of the patient; the mere filing of a personal injury action does not waive the patient's privilege, State ex rel. Lamdin v. Brenton (1970) 21 Ohio St. 2d 21. Further, the service of a subpoena for medical records upon a hospital records librarian does not compel the inspection of the privileged records of a patient absent a judicial determination that such inspection is proper or required, Heinemann v. Mitchell (1964) 8 Ohio Misc. 390.

The Foundation has no evidence whatsoever indicating that the patient whose records are the subject of this subpoena has waived the privilege or has authorized the release of this information or that the patient or counsel representing the patient has been properly notified of this attempt to gain access to the patient's records in order to permit the patient to object or otherwise to

COURT EXHIBIT A

Mr. Forrest Oct. 20, 1983

Page Two

respond. Although the Foundation is not the holder of this evidentiary privilege, its affirmative obligation to preserve the patient's privacy requires that it decline to produce these records until the patient acts with respect to this issue.

Furthermore, these records may be specifically subject to a number of Federal and State statutes and regulations pertaining to the confidentiality of medical records, including 42 C.F.R. Part 2, 42 C.F.R. 405.1026, O.R.C. 2305.24, et seq., O.R.C. .3720.05, O.R.C. 4731.22, O.R.C. 4732.17, O.R.C. 4732.19, O.R.C. 4753.10, O.R.C. 4755.10, O.R.C. 5122.31 and others. These statutes provide a substantive right of privacy distinguishable from the aforementioned evidentiary privilege, and, in certain situations, these rules nullify all civil discovery mechanisms such as the instant subpoena. These rules do not permit the record holder to rely upon the patient's action or inaction to prevent the improper disclosure of protected information. Moreover, which one or more of these statutes and regulations may specifically apply to the subpoened records can neither practicably nor permissably be determined at this juncture, 42 C.F.R. 2.13(e).

Therefore, since the subpoenaed documents are not discoverable under the Civil Rules and the Foundation has not been authorized to release such records, these records shall not be produced at the deposition. Notwithstanding this fact, in the event you wish to proceed with this deposition in order to inquire of the witness as to the manner of preparation of the records or other facts not privileged or confidential, or if you wish to make a statement for the record and desire a witness to appear for that purpose, please advise the Medical Records Department of The Foundation at 444-2646 as soon as possible after receipt of this correpsondence. Unless you advise to the contrary, it will be assumed that you do not intend to proceed with this deposition.

Copies of the records shall be provided to you upon our receipt of a properly executed authorization signed by the patient. For your convenience, an acceptable authorization form is enclosed herewith. Alternatively, you may wish to utilize the provisions of Local Rule 12 of the Court of Common Pleas.

Very truly yours,

The Cleveland Clinic Foundation

RECEIVED

JRI/jjp

Enclosure

OCT 24 1983

cheque #6784

LAW OFFICES OF
SALVATORE P. JEFFRIES CO., L.P.A.

6

# CLEVELAND CLINIC FOUNDATION

## AUTHORIZATION FOR THE RELEASE OF MEDICAL INFORMATION

I, _____ ,
(Patient's name)

Clinic No. _____ , hereby authorize The Cleveland Clinic

Foundation and its employees to release to _____

_____

the following described medical information:

_____

(Specific description of information to be disclosed)

This disclosure is made for the following purpose: _____

_____

(Specific need or purpose for disclosure)

This authorization is subject to written revocation at any time except to the extent

that action has been taken in reliance thereon and shall in any event expire on:

_____

(Date, event, or condition of expiration — within 60 days)

_____

Signature of Patient

_____

Signature of Witness

_____

Date

NOTE: An incomplete or improper authorization cannot be honored.

F 93