OPINION
{¶ 1} Appellant, John T. Smith, appeals the judgment entry entered by the Lake County Court of Common Pleas granting appellees' motion to compel production of an executed medical authorization. For the following reasons, we reverse the judgment of the Lake County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.
 {¶ 2} This case emanates from a July 19, 2005 motor vehicle accident, occurring on Vrooman Road in Leroy Township, Ohio. Following the motor vehicle *Page 2 
accident, Smith was transported by ambulance to the emergency room. Smith was later charged with driving left of center and operating a motor vehicle while intoxicated. Ultimately, Smith pled no contest to driving left of center and reckless operation.
 {¶ 3} Appellees, Tony and Stephanie Sullivan, filed a complaint for personal injuries arising out of said motor vehicle accident. Subsequently, the trial court granted the Sullivans' motion for leave to file an amended complaint adding a punitive damages claim, which is based upon the allegation that Smith was "impaired and was operating a motor vehicle under the influence of alcohol, drugs and/or other controlled substances."
 {¶ 4} The Sullivans then requested Smith sign an authorization releasing his medical records regarding his treatment following the motor vehicle accident. This form is entitled "AUTHORIZATION TO RELEASE PROTECTED HEALTH INFORMATION TO ANOTHER FACILITY" and specifically requested the "Hospital Emergency Room Record; Laboratory Results and/or evidence of blood alcohol levels for date of service on or about July 18, 2005." Smith refused to execute the medical authorization. As a result, the Sullivans filed a motion to compel Smith to execute a medical authorization for the purpose of obtaining Smith's emergency room record and laboratory results and/or evidence of blood-alcohol levels from the July 19, 2005 motor vehicle accident. The trial court granted the Sullivans' motion to compel.
 {¶ 5} Thereafter, the trial court granted Smith's motion to stay execution of judgment, and he filed a timely appeal stating, as his sole assignment of error:
 {¶ 6} "The trial court erred and abused its discretion when it entered an order compelling defendant/appellant to execute a medical authorization releasing his confidential medical records." *Page 3 
 {¶ 7} At the outset, we note that the record in this case does not provide us with some important information needed to properly analyze this issue. For example, in their brief submitted to the trial court in support of their motion and to this court on appeal, the Sullivans cite to various portions of Smith's deposition. Our review of the trial court's docket reveals that Smith's deposition was not filed and, further, the deposition is not part of our record on appeal. Therefore, we cannot consider it on appeal. App. R. 9. In addition, the record is devoid of any indication of who ordered the blood test(s) at issue in the present case. We believe these factors are critical to a proper analysis of whether the blood tests in question are privileged "communications" as defined by R.C. 2317.02.
 {¶ 8} As stated in R.C. 2505.03, a final order, judgment, or decree of a court may be reviewed on appeal. A final order includes "an order that affects a substantial right made in a special proceeding * * *[.]" R.C. 2505.02(B)(2). An order compelling production of medical records "implicates the legislatively protected confidential relationship between a patient and his physician and, therefore, affects a substantial right." Calihan v. Fullen (1992), 78 Ohio App.3d 266, 268. (Citations omitted.)
 {¶ 9} We review discovery matters under an abuse of discretion standard. Hawes v. Golden, 9th Dist. No. 03CA008398, 2004-Ohio-4957, at ¶ 16. "`The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Civ. R. 26(B)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending *Page 4 
action[.]" (Emphasis added.) Pursuant to Civ. R. 37(A)(2), a party may move the trial court to compel the production of documents if the party from whom discovery is sought refuses or fails to respond to a proper request for production of documents.
 {¶ 11} In the case sub judice, the issue is whether the medical records and the results of Smith's blood-alcohol test administered by medical personnel are privileged communications and, thus, not discoverable. Smith asserts the information is not discoverable because it is privileged, pursuant to R.C. 2317.02, which states, in pertinent part:
 {¶ 12} "The following persons shall not testify in certain respects:
 {¶ 13} "* * *
 {¶ 14} "(B)(1) A physician * * * concerning a communication made to the physician * * * by a patient in that relation or the physician's * * * advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject."
 {¶ 15} Since Smith is asserting the privilege under R.C. 2317.02(B), it must be strictly construed against him. Miller v. Bassett, 8th Dist. No. 86938, 2006-Ohio-3590, at ¶ 22. (Citation omitted.) The First Appellate District, in Calihan v. Fullen, supra, recognized that in order to assert the physician-patient privilege and, thus, preclude discovery under the civil rules, the patient, as the holder of the privilege, must meet the following criteria:
 {¶ 16} "(1) The matter sought to be disclosed constituted a `communication' * * *; *Page 5 
 {¶ 17} "(2) The communication took place between the patient and a doctor of medicine, doctor of osteopathic medicine, doctor of podiatric medicine or dentist; * * * and
 {¶ 18} "(3) The patient has not waived the privilege by express consent or by filing a civil claim. * * *" Calihan v. Fullen,78 Ohio App.3d at 270-271. (Internal citations omitted.)
 {¶ 19} As defined in R.C. 2317.02(B)(5)(a), a "`communication' means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A `communication' may include, but is not limited to, any medical or dental, office, or hospitalcommunication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis."
 {¶ 20} In support of his position, Smith cites Kromenacker v.Blystone (1987), 43 Ohio App.3d 126, where the Sixth Appellate District determined that a blood-alcohol test fell within the statutory definition of "communication" when it was ordered by the patient's examining physician for the purpose of medical treatment or diagnosis. Id. at 127-128. (Citation omitted.) Further, the Kromenacker Court reasoned if the information is privileged, the results of the blood-alcohol test retain such status when entered into the hospital records and, since the appellant did not waive this privilege, the results were inadmissible. Id. (Citations omitted.) InKromenacker, the appellant appealed the trial court's denial of his motion in limine to exclude from evidence at trial the results of a blood-alcohol test administered at the hospital where he was treated for injuries sustained in an automobile accident. Id. at 126. At trial, the results of the *Page 6 
blood-alcohol test, along with expert testimony concerning the results, were presented to the jury, and the jury returned a verdict for the appellee based upon Ohio's comparative negligence statute. Id. The appellant contended that the results of such test were privileged pursuant to R.C. 2317.02(B). Id. Although the results were deemed inadmissible, the Kromenacker Court reasoned that the admission of the evidence did not cause the rendering of an improper verdict for, if such evidence was omitted from the record, there remained sufficient evidence to support the jury verdict. Id. at 130.
 {¶ 21} This case cited by Smith, however, is distinguishable from the instant case. While the results of a blood-alcohol test are inadmissible if they meet the requirements outlined by the statute, the burden is on the party asserting the privilege to demonstrate satisfaction of the statutory criteria. Giusti v. Akron Gen. Med. Ctr., 178 Ohio App.3d 53,2008-Ohio-4333, at ¶ 17. (Citations omitted.) The record must demonstrate that the matters sought to be discovered fall within the definition of "communication," per R.C. 2317.02(B)(5)(a).
 {¶ 22} The testimonial privilege as set forth in R.C. 2317.02(B)(1) is exempt in certain circumstances. Specifically, the privilege is not applicable in "any criminal action concerning any test or the results of any test that determines the presence or concentration of alcohol, a drug of abuse, a combination of them, a controlled substance, or a metabolite of a controlled substance in the patient's whole blood, blood serum or plasma * * *[.]" R.C. 2317.02(B)(1)(c).
 {¶ 23} As a result of this exception, it is essential to know how the results were obtained to determine if the results fall within the patient-physician privilege as defined *Page 7 
under R.C. 2317.02. To make this determination, a review of the records, or some stipulation in this regard, would be necessary. For example, if the police ordered the blood-alcohol test pursuant to the implied consent law, it would not be privileged, since it was obtained under that statute and not to aid in the treatment of Smith. See R.C. 4511.191. Moreover, if a police officer issued an order to withdraw blood to a life flight technician, an appropriate emergency room attendant, or a treating physician, it would not necessarily be privileged. Further, if the test was not obtained to aid in Smith's treatment, the administered blood test would not fall within the meaning of "communication" and would be subject to discovery under the civil rules. See, for example, Smolinski v. Crystal (Apr. 2, 1987), 8th Dist. No. 51911, 1987 Ohio App. LEXIS 6843, at *5. Additionally, if the blood test was taken at the direction of the hospital in aid of Smith's treatment, authorities seeking to charge Smith would have been able to obtain the results pursuant to R.C. 2317.022, which governs a request to a health care provider for results of alcohol or drug tests for use in criminal proceedings. However, if they were obtained in this manner in pursuit of the criminal case, the blood test results still would not fit the exception to the privilege in the instant case, since this is a civil matter. As previously mentioned, the state of the record in this case does not allow us to hold that any information obtained by medical personnel in aid of the treatment is always privileged and shielded from discovery.
 {¶ 24} Although we recognize the burden is on the party asserting the privilege, the Sullivans, in their motion to compel filed in the trial court, asserted that the blood in question was drawn at Cleveland Metro Hospital. Further, the Sullivans maintained that at his deposition, Smith testified that a doctor at Cleveland Metro told him he had a *Page 8 
blood-alcohol level, but that he did not recall the level of blood-alcohol. The Sullivans further asserted to the trial court that Smith stated he was not convicted of a blood-alcohol offense because the State Highway Patrol "could never produce any blood test results." Based upon the Sullivans' motion, the trial court was presented with an assertion that the blood test results in question were not obtained at the direction of law enforcement and perhaps were never obtained by law enforcement. Since the instant matter is a civil case and the evidence the Sullivans are seeking appears to have been obtained for the purpose of medical treatment or diagnosis, both the records and the results of the blood test are protected as a privileged communication pursuant to R.C. 2317.02 and thus not subject to discovery under the civil rules.
 {¶ 25} The Sullivans assert there is a public policy interest that outweighs the civil defendant's interest in confidentiality and, in support of this position, they cite to Biddle v. Warren Gen. Hosp.
(1999), 86 Ohio St.3d 395 and Fair v. St. Elizabeth Med. Ctr. (2000),136 Ohio App.3d 522.
 {¶ 26} First, the Sullivans assert that Biddle allows for release of otherwise privileged information "to protect or further a countervailing interest which outweighs the patient's interest in confidentiality."Biddle, supra, at 402. The Supreme Court of Ohio recognized that there may be some instances where the hospital would be justified to release this information. Id. at 397. However, a review of Biddle reveals that it is readily distinguishable from the instant case and, thus, we do not find Biddle applicable. In Biddle, the suit was by a patient seeking redress for unauthorized release of confidential information. Id. at 395. The Biddle Court offered no specific analysis of R.C. 2317.02. *Page 9 
 {¶ 27} In Fair, a patient was attacked by another at St. Elizabeth Hospital. Fair, supra, at 522. The plaintiff requested a copy of the attacking patient's records, with all personal identifying information redacted. Id. at 524. The Second Appellate District found that under R.C. 5122.29, the hospital had a duty to protect its mentally ill patients, including a duty to protect them from other patients. Id. at 526-527. (Citation omitted.) The court further ruled that production of the attacking patient's records should not include any personal information, including the attacker's name, address, and treating physician. Id. In this way, the intent and purpose of the privilege statute, i.e., encouraging open communication between physician and patient, would be preserved. Id. To the contrary, in the present case, there would be no such safeguard.
 {¶ 28} Although Biddle and Fair are inapposite to the instant case, we recognize there may be circumstances warranting discovery of such information, which may or may not lead to ultimately admissible evidence. A bright line rule that prohibits the discovery of any information ordered by medical personnel to aid in the treatment would hamper the liberal discovery policy contemplated by Ohio's civil rules.
 {¶ 29} Upon a thorough review of the record in the instant case, we determine that the trial court abused its discretion based upon the evidence presented before it. First, appellees' request for the "Hospital Emergency Room Record" is overbroad and would clearly reveal privileged communications. Additionally, as set forth above, the results of the blood test may be privileged under R.C. 2317.02. In order to arrive at the appropriate result in this particular case, we reverse the order compelling discovery and remand the matter to the trial court to conduct an evidentiary hearing, accept stipulations from the parties, or conduct an in-camera review of the requested *Page 10 
information to determine whether the totality of the circumstances surrounding the administration of Smith's blood-alcohol test warrants the application of the privilege accorded to medical "communication" under R.C. 2317.02.
 MARY JANE TRAPP, P.J., COLLEEN MARY O'TOOLE, J., concur. *Page 1